# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# WORCESTER DIVISION

| | |
|---|---|
| AMANDA HOPKINS, on behalf of herself and others similarly situated, | CIVIL ACTION FILE NO. 4:20-cv-40114 |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT – CLASS ACTION** |
| EMPOWER ENERGY SOLUTIONS INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Amanda Hopkins (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a campaign by Empower Energy Solutions Inc. ("Empower Energy") to market its services through the use of automated telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. Moreover, Empower Energy sent multiple calls to residential telephone numbers that are registered on the National Do Not Call List (hereafter "NDNC"), which is a separate and additional violation of the TCPA.

4. The recipients of Empower Energy's illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA.

**PARTIES**

5. Plaintiff Amanda Hopkins is, and at all times mentioned herein was, an individual citizen of the Commonwealth of Massachusetts.

6. Defendant Empower Energy, LLC is a Connecticut corporation registered to do business in the Commonwealth of Massachusetts with a registered agent of Rocket Corporate Services Inc., 44 School St., Suite 505 in Boston, MA 02108.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has personal specific jurisdiction over Empower Energy because the company sent or authorized the automated calls at issue into this District. Furthermore, the services that Ms. Hopkins was offered were for this District.

9. This Court also has jurisdiction over Empower Energy because it is registered to do business in this District and is incorporated in Massachusetts.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Hopkins is a resident of this District, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

## TCPA BACKGROUND

Calls Made Using an "Automated Telephone Dialing System"

11. The TCPA regulates, among other things, the use of a pre-recorded message or an automated telephone dialing system ("ATDS") to make calls or send automated calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12. Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing telemarketing calls to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1)(A)-(B). The first component of this definition is satisfied when a dialing system has the capacity to call "a given set of numbers" or when "dialing equipment is paired with . . . a database of numbers." *In re*

*Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14,014, ¶ 133 (2003); *see In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 566 (F.C.C. 2008) (rejecting argument that a dialing system "meets the definition of autodialer only when it randomly or sequentially generates telephone numbers, not when it dials numbers from customer telephone lists" and reasoning that "the teleservices industry had progressed to the point where dialing lists of numbers was far more cost effective"); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1051 (9th Cir. 2018) (holding that "equipment that made automatic calls from lists of recipients was . . . covered by the TCPA").

14. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

15. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

The National Do Not Call Registry

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

19. Defendant Empower Energy is a "person" as the term is defined by 47 U.S.C. § 153(39).

20. Plaintiff Hopkins's telephone number, 774-XXX-0365, is registered to a cellular telephone service.

21. The Plaintiff Hopkins received at least five telemarketing calls from the Defendant.

22. The dates of the calls were October 8 (twice), October 22, October 27 and October 29, 2020.

23. The telemarketing calls were generic and computer-generated with the content below:

24. The telemarketing calls were sent using an automated dialing system.

25. This is evident because of:

      a.   The Plaintiff recalls a distinct click and pause associated with an autodialer on the October 29, 2020 call.

      b.   The calls came from a local non-working "spoofed" number, which is consistent with using automated technology to send the calls.

      c.   the non-personalized generic nature of the contact.

26.    As a result, the system that sent automated calls to Plaintiff Hopkins qualifies as an ATDS pursuant to 47 U.S.C. 227(a)(1)(A).

27.    After receiving repeated unwanted telemarketing calls, the Plaintiff set an appointment with Empower Energy Solutions.

28.    Confirming their involvement, Empower Energy Solutions sent confirmation materials for the call.

29.    The telemarketing received by Plaintiff demonstrates that the message was sent for the purpose of encouraging the purchase of Empower's energy services.

30.    This message therefore qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

31.    Moreover, for more than 31 days prior to the first call, the Plaintiff Hopkins's telephone number has been listed on the NDNC list.

32.    Plaintiff Hopkins did not provide her prior express written consent to receive the telemarketing calls at issue.

33.    The calls were not necessitated by an emergency.

34.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  Plaintiff and the Class Members were

also harmed by use of their cell phone battery and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

36. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

37. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robodialing Class:** All persons in the United States who, within four years prior to the commencement of this litigation until the class is certified, received one or more autodialed calls on their cellular telephone from or on behalf of Empower Energy, sent via the same, or substantially similar, system used to contact the Plaintiff.
>
> **National Do Not Call Registry Class**: All persons in the United States whose telephone numbers were on the National Do Not Call Registry, but who received more than one telephone solicitation telemarketing call from or on behalf of Empower Energy with a 12-month period, from four years prior the filing of the Complaint.

38. Plaintiff Hopkins is a member of and will fairly and adequately represent and protect the interests of, these Classes as she has no interests that conflict with any of the class members.

39. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

40. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

41. This Class Action Complaint seeks injunctive relief and money damages.

42. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

43. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

44. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

45. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

47. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) whether Defendant utilized an automatic telephone dialing system to send its to the members of the Robocall Class;

    (b) Whether agents operating on behalf of Defendant utilized an automatic telephone dialing system in sending automated calls to members of the Robocall Class;

(c) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

(d) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(e) whether Defendant's conduct constitutes a violation of the TCPA; and

(f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

48. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

49. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

50. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

51. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

52. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.) on behalf of the Robocall Class**

53. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54. Empower Energy violated the TCPA by sending, or causing to be sent via an agent, automated calls to the cellular telephones of Plaintiff and members of the Robocall Class using an automated dialer without their prior express written consent.

55. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

57. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, using an ATDS or pre-recorded voice in the future.

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.)**
**on behalf of the National Do Not Call Registry Class**

58. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

59. Empower Energy violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing automated calls within a 12-month period on Empower

10

Energy's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

60. As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

62. The Defendant's violations were knowing or willful.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using an autodialer in the future;

B. As a result of the Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Robocall Class member up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C. As a result of the Defendant's willful and/or knowing violations of 47 C.F.R. § 64.1200(d), Plaintiff seeks for herself and each member of the National Do Not Call Registry

Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

  D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

  E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: January 16, 2021    PLAINTIFF, on behalf of herself
            and others similarly situated,

            */s/ Anthony Paronich*
            Anthony Paronich
            Email:  anthony@paronichlaw.com
            PARONICH LAW, P.C.
            350 Lincoln Street, Suite 2400
            Hingham, MA 02043
            Telephone:  (617) 485-0018
            Facsimile:  (508) 318-8100

            Alex M. Washkowitz
            Jeremy Cohen
            CW Law Group, P.C.
            160 Speen Street, Suite 309
            Framingham, MA 01701
            alex@cwlawgrouppc.com

            *Attorneys for Plaintiff*