**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION**

AMANDA HOPKINS, on behalf of herself       :
and others similarly situated,             :       CIVIL ACTION FILE NO. 4-21-cv-40008
                                           :
        Plaintiff,                         :
                                           :
v.                                         :
                                           :
EMPOWER ENERGY SOLUTIONS INC.              :
                                           :
        Defendant.                         :
                                           :
_____/

**JOINT STATEMENT**

Plaintiff Amanda Hopkins ("Plaintiff") and defendant Empower Energy Solutions Inc.

("Defendant") (together with Plaintiff, the "Parties"), through their undersigned counsel, submit

this Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local

Rule 16.1.

**I.   FED. R. CIV. P. 26(F) REPORT**

**A.    Nature and Basis of Claims**

1.    Plaintiff's Statement

Plaintiff has brought this action under the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage

about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin.*

*Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff alleges that Defendant violated the TCPA by

making unsolicited and automated telemarketing calls, or by the fact that others did so on their

behalf, including to individuals on the National Do Not Call Registry. Plaintiff seeks to

represent a class of similarly situated  individuals who were sent similar telemarketing calls

from, or on behalf of, Defendant. The Plaintiff's putative class period is for any calls that were

sent within four years prior to the filing of the Complaint through the date of class certification.

        2.      Defendant's Statement

The underlying matter arises out of Plaintiff's claims under the TCPA. Defendant denies

liability with respect to each of Plaintiff's claims, and denies that class certification is

appropriate.

**B. Possibilities of Settling or Resolving the Case**

Pursuant to Local Rule 16(c) Plaintiff made a settlement demand to Defendant.

Defendant has responded to Plaintiff's settlement demand.

**C. Proposed Discovery Plan**

        1.      Proposed Discovery Plan

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P.

23 in order to support her anticipated motion for class certification as well as the merits of

Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion

that the defendant may file.  The Plaintiff will seek from the Defendant, or third parties retained

on their behalf, (1) ESI regarding the calls placed in this case and any purported leads related

thereto; (2) email and other communications related to telemarketing and any relationship with a

vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive

calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5)

telemarketing complaints received by Defendant and their responses thereto.

Defendant anticipates that discovery will be necessary with respect to Plaintiff's TCPA claims, the facts underlying these claims, and Plaintiff's efforts to certify a class in the underlying matter.

### Electronically Stored Information

The Parties expect much discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. The Plaintiff has given the Defendant his electronic production preservation and the parties continue to confer on the issue. To the extent any issues regarding the format for electronic discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court.

2.      Privilege and Preservation

The Parties do not anticipate any unusual or unique privilege issues.  The Parties agree to enter into a Confidentiality Order to govern the production of confidential information and disclosures. The Parties anticipate shortly submitting an order to that effect for the Court's review. The Parties have taken the appropriate steps to preserve discoverable information, including ESI.

3.      Limitations on Discovery

The Parties do not anticipate any changes to the limitations set forth in the Rules.

4.      Additional Orders

The Parties have agreed to service of discovery requests and responses via electronic mail, subject to the timing provisions of Fed. R. Civ. P. 6(d).

**D.  Consent to Magistrate**

The parties do not consent to proceeding before a magistrate judge.

## II.  PROPOSED PRETRIAL SCHEDULE

| EVENT | AGREED PROPOSAL |
|---|---|
| Initial Disclosures | June 25, 2021 |
| Deadline to Amend Pleadings | September 2, 2021 |
| Fact Discovery Deadline | November 22, 2021 |
| Expert Reports | December 13, 2021 |
| Expert Rebuttal Reports | January 13, 2022 |
| Expert Deposition Deadline | February 14, 2022 |
| Summary Judgment filing deadline | By May 7, 2022 |
| Class Certification filing deadline | By May 7, 2022 |
| Status Conference post MSJ and Class Certification | TBD |
| Trial | TBD |

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

DEFENDANT,
By their counsel,

*/s/ Andrew M. Schneiderman*  _____
Andrew M. Schneiderman, BBO # 666252
O'HAGAN MEYER, PLLC
111 Huntington Ave., Ste. 2860
Boston, Massachusetts 02199
(617) 843-6800

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2021, a copy of the foregoing was filed electronically and

served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by

email to all parties by operation of the court's electronic filing system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich

5